UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY J. CLARK, JR,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, et al,<br><br>Defendants. | No. 2:24-cv-00783 WBS CKD<br><br>ORDER ON MOTION TO QUASH<br><br>(ECF No. 73) |

Defendant OneMain Financial Services, LLC's[1] ("OneMain") motion to quash third-party subpoenas, filed on December 12, 2024, is before the court. (ECF Nos. 73.) OneMain and plaintiff Bobby J. Clark, Jr. filed their joint statement re discovery disagreement on January 15, 2025.[2] (ECF No. 83.) Third-party American Coradius International LLC ("ACI") joined in the joint statement. (*Id.*) OneMain and plaintiff appeared for a hearing on January 29, 2025. Defendant Ally Financial, Inc. ("Ally") and third-party ACI were also present. Attorney Alisa Givental appeared on behalf of defendant OneMain, and Attorney Adam Hubbi appeared on

---

[1] Defendant OneMain was improperly sued as "OneMain Financial Group, LLC." (ECF No. 83 at 1.)

[2] On December 23, 2024, plaintiff filed an opposition to the motion to quash. (ECF No. 79.) However, this opposition does not comply with Local Rule 251, which requires the parties to file a joint statement re discovery disagreement at least fourteen days before the hearing. *See* Local Rule 251. The parties properly filed a joint statement after plaintiff filed his opposition (ECF No. 83), therefore, plaintiff's opposition will be disregarded.

1

behalf of plaintiff.  Attorney Andrea Hicks appeared on behalf of Ally and Attorney Kenneth Ohashi appeared on behalf of ACI.  For the reasons set forth below, defendant OneMain's motion to quash third-party subpoenas is GRANTED in part.

## I. Background

### A. The Underlying Action

Plaintiff filed the complaint on March 14, 2024, against Defendants Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); Trans Union, LLC; ("Trans Union") OneMain; and Ally.  (ECF No. 1.)  Plaintiff alleges that in July 2023, he settled and/or paid off his OneMain credit card account ("Disputed OneMain Account") and his Ally account ("Ally Account") with third-party debt consolidation company Credit9, LLC's ("Credit9") help.  (ECF No. 83 at 2.)  Plaintiff also alleges that defendants Experian, Trans Union, and Equifax did not report these accounts as paid.  (ECF No. 83 at 2.)  Plaintiff brought five claims:  (1) failure to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) against defendants Equifax, Experian, and Trans Union; (2) failure to perform a reasonable reinvestigation under 15 U.S.C. § 1681i against defendants Equifax Experian, and Trans Union; (3) failure to conduct an investigation of the disputed information and review all relevant information provided by the consumer against defendants OneMain and Ally; (4) failure to follow reasonable procedures to assure maximum possible accuracy under California Civil Code § 1785.14 against defendants Experian, Equifax, and Trans Union; and (5) failure to conduct an investigation of the disputed information and review all relevant information provided by the consumer under California Civil Code § 1785 *et seq.* against unspecified defendants.  (ECF No. 1.)

On June 28, 2024, defendant Experian filed a motion to compel arbitration (ECF No. 43), which was granted on September 3, 2024, and the case against Experian was stayed pending arbitration (ECF No. 59).  On September 20, 2024, the Court stayed the action between defendant OneMain and plaintiff pending arbitration pursuant to their stipulation.  (ECF No. 63.)  On September 20, 2024, based on the settlement between defendant Trans Union and plaintiff (*see* ECF No. 52) and pursuant to the parties' stipulation of dismissal with prejudice (ECF No. 60), the

1  Court dismissed Trans Union with prejudice. (ECF No. 62.) On October 15, 2024, based on the
2  settlement between defendant Equifax and plaintiff (*see* ECF No. 55) and pursuant to the parties'
3  stipulation of dismissal with prejudice (ECF No. 64), the Court dismissed Equifax with prejudice.
4  (ECF No. 65.) On December 12, 2024, defendant OneMain filed the instant motion to quash.
5  (ECF No. 73.) On December 31, 2024, plaintiff filed a notice of filing of a motion to compel
6  non-party's compliance with subpoenas in the Western District of New York. (ECF No. 81.)
7      On January 24, 2025, defendant Ally filed a motion to compel arbitration and a motion to
8  stay discovery that are currently pending before Senior District Judge William B. Shubb. (ECF
9  Nos. 85, 86.)

10      **B.  The Discovery Dispute**
11      On November 15, 2024, the pretrial scheduling order was issued in this case. (ECF No.
12  72.) The pretrial scheduling order stated that the only defendant currently participating in this
13  litigation is defendant Ally. (*Id.* at 2.) The discovery deadline was set to June 13, 2025. (*Id.*)
14      On October 15, 2024, plaintiff served a notice of intent to serve subpoenas on third parties
15  ACI, Americor Funding LLC ("Americor"), and Credit9 on defendant Ally via email. (ECF No.
16  83 at 4.) ACI handled one of plaintiff's OneMain accounts, and Americor and Credit9 are third-
17  party debt consolidation companies that assisted plaintiff with paying off his loans. (*Id.* at 3.) A
18  subpoena for documents and for deposition testimony were served on each entity. (*Id.* at 4.) ACI
19  objected to plaintiff's subpoena on November 4, 2024. (*Id.* at 16.) Defendant OneMain was not
20  served with the notice of intent to serve subpoenas, but OneMain became aware of the ACI
21  subpoena after an ACI attorney reached out to OneMain. (*Id.* at 4-5.) OneMain communicated
22  with plaintiff its objections to the discovery. (*Id.* at 5.) On November 22, 2024, plaintiff served a
23  notice of intent to serve records and deposition subpoenas on Americor and Credit9, which
24  omitted topics specifically related to the "Disputed OneMain Account." (*Id.*) On November 27,
25  2024, plaintiff served amended document categories and deposition topics to the ACI subpoenas.
26  (*Id.*) The amended subpoenas removed topics directly related to the disputed OneMain Account.
27  (*Id.*) OneMain still had objections to the amended subpoenas and communicated its concerns to
28  plaintiff. (*Id.*)

3

Defendant OneMain filed its motion to quash on December 12, 2024. (*Id.* at 6.) However, on that same day, Americor and Credit9 produced documents to plaintiff. (*Id.*) On December 29, 2024, OneMain became aware that plaintiff received documents from Americor and Credit9. (*Id.*) On December 30, 3034, Americor and Credit9 requested that plaintiff destroy the documents they produced after the motion to quash was filed, but plaintiff refused. (*Id.*)

OneMain seeks to quash in full and/or in part the subpoenas, contending that they improperly seek discovery into information relevant to plaintiff's dispute with OneMain. (*Id.*) The parties complied with Local Rule 251's meet and confer requirements, but were unable to reach a resolution. (ECF No. 83 at 1-2.)

## II.   Legal Standards

"Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party 'to produce documents, electronically stored information, or tangible things . . . .'" *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012) (citing Fed. R. Civ. P. 45(a)(1)(C)).

A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena. Fed. R. Civ. P. 34(c). Rule 45 permits a party to issue a subpoena commanding person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things. Fed. R. Civ. P. 45(a)(1)(C). The recipient may object to a subpoena, or move to quash or modify it. Fed. R. Civ. P. 45(d)(2)(B), 45(d)(3). "The district court has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "[T]he court that issued the subpoena . . . can entertain a motion to quash or modify a subpoena." *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011).

When a party timely files a motion to quash, a district court must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, a district court may quash or modify a

1  subpoena if it requires: "(i) disclosing a trade secret or other confidential research, development,
2  or commercial information; or (ii) disclosing an unretained expert's opinion or information that
3  does not describe specific occurrences in dispute and results from the expert's study that was not
4  requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

5        The party issuing the subpoena must demonstrate that the discovery is relevant, while the
6  party seeking to quash the subpoena has the burden of persuasion. *Soto*, 282 F.R.D. at 504. The
7  Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to
8  quash since usually only the subpoenaed non-party may move to quash. The general rule,
9  however, is that a party has no standing to quash a subpoena served upon a third party, except as
10 to claims of privilege relating to the documents being sought." *California Sportfishing Prot. All.*
11 *v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing *Windsor v. Martindale*,
12 175 F.R.D. 665, 668 (D. Colo. 1997)). Under this general rule, plaintiff lacks standing to object
13 to the subpoena on grounds of relevance or undue burden. A party cannot seek to quash a Rule
14 45 subpoena except to the extent that it has "a personal right or privilege in the information
15 sought to be disclosed." *Freed v. Home Depot U.S.A., Inc.*, 2019 WL 582346, at *2 (S.D. Cal.
16 Feb. 13, 2019) (quoting *Chevron Corp. v. Donziger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug.
17 22, 2013)).

18     **III.   Discussion**
19       **A. Parties' Arguments**

20       Defendant OneMain moves to quash in full the subpoenas to ACI and quash and/or
21 modify portions of plaintiff's subpoenas to Americor and Credit9. (ECF No. 83 at 11.) OneMain
22 argues that plaintiff's subpoenas improperly seek information about plaintiff's OneMain account
23 when the case between plaintiff and OneMain is stayed pending arbitration. (*Id.* at 12.) OneMain
24 further argues that the information about plaintiff's OneMain account is not relevant to plaintiff's
25 dispute with defendant Ally. OneMain states that plaintiff is seeking this information because it
26 established that the debt consolidation company plaintiff worked with paid his debts to OneMain
27 and Ally. (*Id.*) OneMain argues that the information is irrelevant because confirmation that
28 plaintiff's debt was paid on the OneMain ACI account does not prove the debt was paid on the

1  Ally account. (*Id.* at 13.) OneMain also argues that the subpoenas are overbroad. (*Id.* at 13-14.)

2  Plaintiff opposes the motion to quash. (*Id.* at 17.) Plaintiff argues that OneMain does not

3  have standing to bring the motion, that a vague assertion of confidentiality is not grounds to

4  object to discovery, and that OneMain has not properly objected based on privilege. (*Id.* at 18-

5  19.)

6  While ACI did not file the motion to quash, its arguments are included in the joint

7  statement. (*Id.* at 20-21.) ACI is concerned that complying with subpoenas could violate the

8  court's stay order, that it could violate its contractual obligations to OneMain, and that the

9  requests are unduly burdensome to the extent the documents and testimony are irrelevant to

10 plaintiff's claims against Ally and disproportionate to the needs of plaintiff's claims against Ally.

11 (*Id.* at 21-22.)

**B. Amended Records and Deposition Subpoenas at Issue**

The amended records and deposition subpoenas at issue are reproduced below:

**<u>Plaintiff's Amended Records Subpoena to ACI:</u>**

- Topic 1: All Documents relating to Plaintiff's correspondence or communications with you concerning Account 1 (as stated in the subpoena, "Account 1 means and refers to Plaintiff's American Coradius International Account, account number ending 4784 (original account, OneMain Financial Account, account number ending in 9213"));
- Topic 3: Any documents and/or communications in your possession, custody, or control regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff;
- Topic 4: Any evidence and/or proof of payments made to you on behalf of Plaintiff concerning Account 1, including any documents of those payments, including but not limited to, the payment type, method of payment, name of the payor, your bank account number, your bank account name, payment amount, date of payment, etc.;
- Topic 6: Any documents received from or provided to any third-party concerning Plaintiff between January 2023 to the present;
- Topic 8: Any documents and/or communications in your possession, custody, or control,

- to/from Americor Funding LLC, regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present; and
- Topic 9: Any documents and/or communications in your possession, custody, or control, to/from Credit9, LLC, regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present.

(ECF No. 83 at 7.)

**Plaintiff's Amended Deposition Subpoena to ACI:**

- Topic 1: Plaintiff's correspondence or communications with you concerning Account 1 (same definition for Account 1 as above);
- Topic 3: Any communications in your possession, custody, or control regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present;
- Topic 4: Any evidence and/or proof of payments made to you on behalf of Plaintiff concerning Account 1, including any documents of those payments, including but not limited to, the payment type, method of payment, name of the payor, your bank account number, your bank account name, payment amount, date of payment, etc.;
- Topic 6: Any documents received from or provided to any third-party concerning Plaintiff between January 2023 to the present;
- Topic 8: Any documents and/or communications in your possession, custody, or control, to/from Americor Funding LLC, regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present;
- Topic 9: Any documents and/or communications in your possession, custody, or control, to/from Credit9, LLC, regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present.
- Topic 10: Any documents produced in response to this subpoena

(ECF No. 83 at 8.)

////

7

**Plaintiff's Records Subpoenas to Americor and Credit9:**

- Topic 1: All Documents relating to Plaintiff, Plaintiff's correspondence or communications with you concerning Account 1 (as stated in the subpoena, " 'Account 1' means and refers to Plaintiff's American Coradius International Account, account number ending 4784 (original account, OneMain Financial Account, account number ending in 9213)");
- Topic 3: Any documents and/or communications in your possession, custody, or control regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present;
- Topic 4: Any evidence and/or proof of payments You made on behalf of Plaintiff concerning Account 1, including any documents of those payments, including but not limited to, the payment type, method of payment, name of the creditor, payee bank account number, payee bank account name, payment amount, date of payment, etc.;
- Topic 6: Any evidence and/or proof of payments You made on behalf of Plaintiff to American Coradius International, including any documents of those payments, including but not limited to, the payment type, method of payment, name of the creditor, payee bank account number, payee bank account name, payment amount, date of payment, etc.;
- Topic 9: Any documents received from or provided to any third-party concerning Plaintiff between January 2023 to the present;
- Topic 10: Any documents and/or communications in your possession, custody, or control, to/from American Coradius International, regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present
- Topic 13 (Americor): Any documents and/or communications in your possession, custody, or control, to/from Credit9, LLC regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present;
- Topic 13 (Credit9): Any documents and/or communications in your possession, custody, or control, to/from AmeriCor Funding, LLC regarding or concerning, reflecting,

mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present.

(ECF No. 83 at 9-10.)

**Plaintiff's Deposition Subpoenas to Americor and Credit9:**

- Topic 1: Plaintiff's correspondence or communications with you concerning Account 1 (same definition as above);
- Topic 3: Any evidence and/or proof of payments You made on behalf of Plaintiff concerning Account 1, including any documents of those payments, including but not limited to, the payment type, method of payment, name of the creditor, payee bank account number, payee bank account name, payment amount, date of payment, etc.;
- Topic 6 (Americor), Topic 5 (Credit9): Any evidence and/or proof of payments You made on behalf of Plaintiff to American Coradius International, including any documents of those payments, including but not limited to, the payment type, method of payment, name of the creditor, payee bank account number, payee bank account name, payment amount, date of payment, etc.;
- Topic 9 (Americor), Topic 8 (Credit9): Any documents received from or provided to any third-party concerning Plaintiff between January 2023 to the present;
- Topic 12 (Americor), Topic 11 (Credit9): Any communications, to/from American Coradius International, regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present;
- Topic 13 (Americor), Topic 12 (Credit9): Any communications, to/from Credit9, LLC, regarding or concerning, reflecting, mentioning, discussing, or relating in any way to Plaintiff between January 2023 to the present;
- Topic 14 (Americor), Topic 13 (Credit9): Any documents produced in response to this subpoena.

(ECF No. 83 at 10-11.)

////

Defendant OneMain moves to quash the subpoenas to ACI in their entirety, and to quash and/or modify plaintiff's records subpoenas to Americor and Credit9 with respect to document category numbers 1, 3, 4, 6, 10, and 13. (ECF No. 83 at 11 & n.5.) With respect to document categories 1 and 4, OneMain argues that these categories expressly relate to plaintiff's OneMain account and not his Ally account. With respect to document categories 6 and 10, OneMain argues that ACI represented that it has no records pertaining to plaintiff with respect to any account other than the OneMain account. With respect to categories 3 and 13, OneMain objects to the extent they seek information about plaintiff's OneMain account.

Defendant OneMain moves to quash and/or modify plaintiff's deposition subpoena to Americor with respect to topic numbers 1, 3, 6, 9, 12, 13, and 14. (*Id.*) With respect to document categories 1 and 3, OneMain argues that these categories expressly relate to plaintiff's OneMain account and not his Ally account. With respect to document categories 6 and 12, OneMain argues that ACI represented that it has no records pertaining to plaintiff with respect to any account other than the OneMain account. With respect to document categories 9, 13, and 14, OneMain objects to the extent they seek any information about plaintiff's OneMain accounts.

Defendant OneMain moves to quash and/or modify plaintiff's deposition subpoena to Credit9 with respect to topic numbers 1, 3, 5, 8, 11, 12, and 13. (*Id.* at 11-12 n.5.) With respect to document categories 1 and 3, OneMain argues that these categories expressly relate to plaintiff's OneMain account. With respect to document categories 5 and 11, OneMain argues that ACI represented that it has no records pertaining to plaintiff with respect to any account other than the OneMain account. With respect to document categories 8, 12, and 13, OneMain objects to the extent they seek any information about plaintiff's OneMain accounts.

### C. Defendant OneMain Lacks Standing

As an initial matter, defendant OneMain has not established it has standing to bring this motion to quash. OneMain seeks to quash subpoenas issued by plaintiff to third-parties ACI, Americor, and Credit9. OneMain argues that plaintiff's subpoenas are outside of the scope permitted by Federal Rule of Civil Procedure 26(b)(1), and that information about plaintiff's OneMain account is not relevant to plaintiff's dispute with defendant Ally. (ECF No. 83 at 13-

14.) A party not subject to the subpoena does not have standing to quash the subpoena based on relevancy. *Wheat v. Wal-Mark Associates, Inc.*, 2023 WL 8544226, at *3 (E.D. Cal. Dec. 11, 2023) (denying plaintiff's motion to quash third-party subpoenas to the extent it was brought based on relevance, overbreadth, or that they are not narrowly tailored); *Castillo v. City of Los Angeles*, 2021 WL 8895084, at *3 (C.D. Cal. Dec. 13, 2021) ("A party . . . lacks standing to object a subpoena served on a third party on grounds of relevance, overbreadth, or undue burden."). Here, OneMain is not subject to the subpoena, therefore, it does not have standing to bring this motion based on relevancy.

Defendant OneMain also argues that it has standing because it has a personal right in the information plaintiff seeks to subpoena from the third parties because the "information pertains directly to Plaintiff's OneMain accounts that involve OneMain's confidential and proprietary commercial records that are not publicly available," and because the information sought is relevant to the suit between plaintiff and OneMain that is pending arbitration. (ECF No. 83 at 14-15.) A party has standing to quash a subpoena issued to someone who is not a party to the action if the objecting party claims some "personal right" or "privilege" with regard to the documents sought. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (citing examples of a personal right as personal bank records and personnel files); *see also Firetrace USA, LLC v. Jesclard*, 2008 WL 5146691, at *2 (D. Ariz. Dec. 8, 2008) ("A party can also show a personal right or privilege through information which could expose the moving party to annoyance, embarrassment, oppression, or undue burden or expense." (citation omitted)). A personal right can include confidential research, development, or commercial information, however the objecting party must show that their own information is at risk, not the third party's information. *See Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *3 (N.D. Cal. Dec. 10, 2012).

Defendant OneMain states that the information subject to the subpoenas involves "OneMain's confidential and proprietary commercial records," however, this is not sufficient to describe its personal right or commercial information for the Court to make a determination. Information may be subject to protection because of its commercial value when dissemination of

11

1 the confidential information will place the producing party at a competitive disadvantage or

2 damage the producing party's business in some way. *See Cohen v. City of New York*, 255 F.R.D.

3 110, 118-19 (S.D.N.Y. 2008). OneMain has not adequately identified its personal right in

4 plaintiff's OneMain account. Additionally, to the extent OneMain claims privilege (ECF No. 83

5 at 12), it has not adequately identified this privilege. Accordingly, the Court finds OneMain does

6 not have standing to bring the motion to quash.

### D. Stay Pending Arbitration

However, defendant OneMain also argues that plaintiff is improperly seeking information about OneMain from third parties to gain an advantage in discovery while the case is stayed for arbitration. (ECF No. 83 at 12.) Because plaintiff's case is still active against defendant Ally,[3] plaintiff is able to proceed with discovery against Ally only. But plaintiff is not able to proceed with discovery in its case against OneMain while the case is stayed pending arbitration. *See Galaxia Electronics Co., Ltd. v. Luxmax, U.S.A.*, 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017) (finding stay in discovery is appropriate as to defendants who compelled arbitration, but allowing discovery to proceed against defendant that is not subject to arbitration "where its focus is the claims Plaintiff has asserted against that Defendant"). Plaintiff has not met its burden of demonstrating that information related to OneMain is relevant to his claim against Ally. *See Roy v. X1 Inc.*, 2024 WL 3159291, at *3 (N.D. Cal. June 25, 2024); *Soto*, 282 F.R.D. at 504. Therefore, to the extent plaintiff is seeking information from third parties that is only related to its claim against defendant OneMain, this is not allowed because of the stay. *See Roy*, 2024 WL 3159291, at *3-4 (finding stayed defendant could be subpoenaed as third party in plaintiff's case against another non-stayed defendant if information sought is relevant to plaintiff's claims against the non-stayed defendant). Accordingly, plaintiff's subpoenas to ACI, Americor, and Credit9 are to be modified to exclude any information involving defendant OneMain.

### IV. Conclusion

In accordance with the above, IT IS ORDERED as follows:

---

[3] There are currently two motions pending before Judge Shubb in this case, defendant Ally's motions to compel arbitration and to stay discovery. (ECF Nos. 85, 86.)

1. Defendant OneMain's motion to quash is GRANTED IN PART (ECF No. 73);

    a. The subpoenas to third-parties ACI, Americor, and Credit9 are to be modified to exclude information regarding defendant OneMain.

Dated:  January 31, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, clar.0783.24